**UNITED STATES DISTRICT COURT**
~~**FOR THE SOUTHERN DISTRICT OF FLORIDA**~~
**FT. LAUDERDALE DIVISION**

'    'D B Y _____ D :
00 JAN 13 AM 9: 48

_____ ___ ᴴᴬᴰᴰOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

ACCARDIS SYSTEMS, INC.,

    Plaintiff,

vs.

BEVINCO BAR SYSTEMS LIMITED;
BARRY DRIEDGER; BEVINCO
AMERICAN BAR SYSTEMS LTD.;
BEVINCO OF BROWARD COUNTY, INC.;
XYZ CORP.; RICHARD HEEBNER;
STUART SHOCKLEY; WITT STANDARD
COMPANY, INC.; MICHELLE HARRIS;
and SCOTT DARRAH,

    Defendants.

_____/

CIVIL ACTION NO.
MAGISTRATE JUDGE

# 00 -00 - 06066

## CIV-ZLOCH

**MAGISTRATE JUDGE**
**SELTZER**

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW the Plaintiff, ACCARDIS SYSTEMS, INC., a corporation of the State of

Delaware, through counsel and sues BEVINCO BAR SYSTEMS LIMITED; BARRY DREIDGER;

BEVINCO AMERICAN BAR SYSTEMS LTD.; BEVINCO OF BROWARD COUNTY, INC.;

XYZ CORP.; RICHARD HEEBNER; STUART SHOCKLEY; WITT STANDARD COMPANY,

INC.; MICHELLE HARRIS; and SCOTT DARRAH and; for patent infringement and in support

thereof alleges as follows:

    1.    This is an action arising under §271 of the Patent Act of 1952, 35 U.S.C. §1, et seq.

This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338(a)

and venue is appropriate in this judicial district by virtue of 28 U.S.C. §1400(b).



Civil Action No.
Magistrate Judge

## PARTIES

2.      Plaintiff, ACCARDIS SYSTEMS, INC. ("Accardis"), is a corporation duly organized and subsisting under the laws of the State of Delaware.  Accardis is the owner and successor in interest of all right, title and interest in and to United States Patent No. 4,563,739 ("'739 Patent"), duly and legally issued on January 7, 1986 to Impulse Computer Systems, Inc. of Billings, Montana. By virtue of a written assignment dated June 24, 1989, the '739 Patent, and the right to sue for all past and future infringements, was assigned to Accardis.  A true copy of the '739 Patent is attached hereto as Exhibit "A".

3.      Defendant BEVINCO BAR SYSTEMS, LIMITED ("Bevinco-Canada") is, upon information and belief, a Canadian corporation having a principal business address of 250 Consumers Road, Suite 1103, Ontario, Canada, M2J 4V6 and also has offices at 235 Yorkland Boulevard, Suite 409, Toronto, Ontario, Canada M2J 4Y8.

4.      Defendant BARRY DRIEDGER ("Driedger") is, upon information and belief, a Canadian citizen and is the founder, president and a director and shareholder of both Bevinco-Canada and Bevinco-American and has sold beverage inventory audit systems, and has sold and used and caused to be sold and used such beverage inventory audit systems, in Florida and elsewhere which infringe the '739 Patent.

5.      BEVINCO AMERICAN BAR SYSTEMS, LTD. ("Bevinco-American") is, upon information and belief, a corporation of the State of Delaware with a principal business address of 250 Consumers Road, Suite 1103, Toronto, Ontario, Canada M2J 4V6.  Bevinco-American is a

2

Civil Action No.
Magistrate Judge

subsidiary of Bevinco-Canada. Bevinco-American maintains multiple, regular and established places of business in this district and throughout the United States through its franchisees in this district and elsewhere, including but not limited to BEVINCO OF BROWARD COUNTY, INC. ("BBC") and WITT STANDARD COMPANY, INC. ("Witt").

6.     Defendant XYZ Corp. ("XYZ") is, upon information and belief, a corporation of the State of Georgia having an address of 4019 Land O' Lakes Drive, N.E., Atlanta, Georgia 30342, and is engaged in the direct infringement of the '739 Patent by virtue of its making sales of inventory and business management systems which account for the contents of full and partially filled product containers covered by the '739 Patent. Defendant XYZ is the master franchisee for Bevinco-American or Bevinco-Canada for at least a portion of the United States which includes Florida.

7.     Upon information and belief, Defendant RICHARD HEEBNER ("Heebner") is an employee and shareholder and the President and Director of XYZ Corp. ("XYZ"), and is personally responsible for the acts of infringement of the '739 Patent committed by XYZ alleged herein by virtue of his active participation in the selling and utilization of an inventory and business management system which accounts for the contents of full and partially filled product containers which infringes the '739 Patent in this judicial district.

8.     Upon information and belief, Defendant BBC is owned by Defendant STUART SHOCKLEY ("Shockley") and has a principal office address of 203 Marine Court, Suite 2, Lauderdale-by-the-Sea, Broward County, Florida  33308. BBC is presently administratively dissolved for failure to have filed an annual report in 1999. Nonetheless, BBC and Shockley are

3

Civil Action No.
Magistrate Judge

engaged or have been engaged in the direct infringement of the '739 Patent by virtue of their activities in selling and/or utilizing an inventory and business management system which accounts for the contents of full and partially filled product containers which infringes the '739 Patent.

9.    Upon information and belief, Shockley is a resident of Broward County, Florida and is an officer, employee, director and shareholder of BBC. Shockley is personally responsible for certain of the acts of infringement alleged herein.

10.    Upon information and belief, Defendant WITT is a corporation of the State of Florida having a principal address of 3721 Loquat Avenue, Unit 302W, Miami, Miami-Dade County, Florida 33133. Witt is engaged in the direct infringement of the '739 Patent by virtue of its activities in selling and utilizing an inventory and business management system which accounts for the contents of full and partially filled product containers which infringes the '739 Patent.

11.    Upon information and belief, Defendant MICHELLE HARRIS ("Harris") is the President and a shareholder, Director and employee of Witt and is personally responsible for the acts of infringement of the '739 Patent committed by and on behalf of Witt alleged herein by virtue of her active participation in the selling and utilization of an inventory and business management system which accounts for the contents of full and partially filled product containers which infringes the '739 Patent in this judicial district.

12.    Defendant SCOTT DARRAH is, upon information and belief, an officer, shareholder, director and employee of Witt and is personally responsible for the acts of infringement of the '739 Patent committed by and on behalf of Witt alleged herein by virtue of his active participation in the

4

Civil Action No.
Magistrate Judge

selling and utilization of an inventory and business management system which accounts for the contents of full and partially filled product containers which infringes the '739 Patent in this judicial district.

## PERSONAL JURISDICTION

13. This Court has personal jurisdiction over Defendant Bevinco-Canada by virtue of Bevinco-Canada's having committed tortious acts against Plaintiff in Florida. Bevinco-Canada's sale of its infringing inventorying system in Florida, as well as selling portions of such systems in Florida which have no non-infringing uses, represents continued and repeated acts of infringement, both direct, induced and contributory, of the '739 Patent. Bevinco-Canada's acts also contribute to and are the proximate cause of the direct infringement of the '739 Patent by others.

14. This Court also has personal jurisdiction over Defendant Bevinco-Canada by virtue of Bevinco-Canada's website at http://bevinco.com. This website is interactive in that it requests and provides a facility for prospective franchisees to use the "Franchise Finder" to locate the Master Franchisee in their geographical area. This website specifically targets Florida residents and businesses to become a franchisee of Defendant by, among other things, listing a Master Franchisee contact under the heading "FLORIDA." Residents and businesses within Florida have visited Bevinco-Canada's website and have become franchisees of Defendant thereafter as a result of the website.

15. This Court also has personal jurisdiction over Defendant Bevinco-Canada by virtue of the liquor inventorying equipment sent into Florida by it, including complete systems and partial

5

Civil Action No.
Magistrate Judge

systems which have no substantially non-infringing use. For example, the Franchise Agreement entered into between Bevinco-American and its five Florida franchisees requires that the following equipment be purchased from Bevinco-American:

     (a)    **BEVINCO®** Software Package;

     (b)    Notebook Computer Pentium with modem (Recommended Suppliers: IBM, AST, Sharp, Toshiba, Zenith, NEC) which must work with bar code scanner;

     (c)    O'Haus CT 6000 Electronic Weigh Scale, 6 kg capacity with RS 232 Adaptor;

     (d)    A&D FG100 Bench Scale, 100 kg capacity;

     (e)    High Quality Printer with Centronics or HP Interface;

     (f)    Bar Code Scanner;

     (g)    Taylor Hydrometer;

     (h)    Carrying Case (Recommended Brand: Targas Lap Pack);

     (i)    Microsoft Word Software;

     (j)    Microsoft Excel Software; and

     (k)    Internet access with e-mail address.

16.    At a minimum, Defendant Bevinco-Canada supplied and upon information and belief still supplies the "Bevinco® Software Package" which is the operating software used in Bevinco computerized beverage inventory control systems which infringe the '739 Patent.

17.    This Court also has personal jurisdiction over Bevinco-Canada by virtue of Bevinco-Canada's advertising and attendances at trade shows in Florida. Bevinco-Canada exhibited at at least

6

Civil Action No.
Magistrate Judge

one trade show in Dade County within the past two years. Bevinco-Canada offers copies of its newsletter "BOOZ NOOZ" on its website at http://www.bevinco.com. BOOZ NOOZ newsletters have been circulated in and throughout Florida. In addition, Defendant, Bevinco-Canada has advertised in trade and other print publications circulated in Florida.

18.    This Court also has personal jurisdiction over Defendant Bevinco-Canada by virtue of Bevinco-Canada's having sent sales and training agents into Florida to sell and train franchisees using equipment which infringes the '739 Patent.

19.    This Court has personal jurisdiction over Defendant Driedger by virtue of his having personally caused the commission of all of the acts of Bevinco-Canada and Bevinco-American complained of herein (Dreidger is the president of both) and by virtue of Driedger personally having entered Florida for the purpose of meeting potential and existing franchisees, training franchisees, entering into contracts with franchisees, and attending trade shows on behalf of Defendants Bevinco-Canada and Bevinco-American.

20.    This Court has personal jurisdiction over Defendant Bevinco-American by virtue of Bevinco-American's entering into at least five (5) franchise agreements in Florida, causing to be sent and sending sales and training agents into Florida to use equipment which infringes the '739 Patent, and advertising and attending trade shows in Florida using equipment which infringes the '739 Patent. Bevinco-American is the franchisor in the Defendant's UFOC and in the Bevinco Franchise Agreement which Defendants Bevinco Bar Systems Limited, Shockley, XYZ Corp., Heebner, Witt, Harris and Darrah entered into.

7

Civil Action No.
Magistrate Judge

21.    This Court also has personal jurisdiction over Defendant Bevinco-American and XYZ, Inc. by virtue of their sending infringing liquor inventorying systems or portions thereof which contribute to and induce others to commit such infringements into Florida.

22.    This Court has personal jurisdiction over Richard Heebner by virtue of his personally having shipped infringing liquor inventorying systems, or portions thereof, which contribute to and induce others to commit such infringements into Florida.

## **BACKGROUND**

23.    The '739 Patent is entitled "Inventory and Business Management System Which Accounts for the Contents of Full and Partially Filled Product Containers", and concerns a system for taking inventory and obtaining inventory reports on a plurality of different products using a bar code scanner and a weighing scale attached to a computer.

24.    The system permits for the taking of inventory and obtaining inventory reports on numerous products which are dispensed in full containers or in quantities from partially filled containers, providing a substantial weapon to restaurant and bar owners against pilferage and other types of waste of their beverage inventories.

25.    On July 1, 1998, counsel for Accardis delivered a demand letter to Defendant, Bevinco-Canada, claiming that Bevinco's making, using and selling of its beverage inventory control systems infringed the '739 Patent.

26.    Plaintiff believes that all of the Defendants have been made aware, and are actually aware, of the existence of the '739 Patent, either through Plaintiff's actions or through the actions

8

Civil Action No.
Magistrate Judge

of Bevinco-Canada and/or Bevinco-American.  As such, all of the Defendants have committed and continue to commit acts of infringement of the '739 Patent with knowledge and hence willfully and deliberately.

27.    Bevinco-American sells and has sold liquor auditing franchises in the United States, including in Florida, under an exclusive license agreement with Bevinco-Canada.

28.    According to Bevinco's UFOC, a copy of which is attached hereto as Exhibit "B", the price for a Bevinco franchise ranges between approximately $29,100.00 and $32,600.00.

29.    Upon information and belief, Defendants Bevinco-Canada, Bevinco-American, Barry Driedger, XYZ, Inc. and Richard Heebner are, and at all material times have been, making, using, purchasing and/or selling computerized beverage inventory auditing systems, or portions thereof which have no substantially non-infringing use, and franchises therefore in this district and elsewhere which infringe one or more of the claims of the '739 Patent.

30.    Further upon information and belief, Defendants are all using and/or selling computerized beverage inventory auditing systems in this district which infringe on one or more of the claims of the '739 Patent.

31.    The systems being manufactured, used and/or sold by all of the Defendants are summarized in an "advertorial" entitled "Liquid Profits" as follows: "equipped with scales that are electronically linked to a laptop computer, BEVINCO beverage auditors identify, weigh, and calculate the exact amount of beverages used – then report the results back to their clients." ("Liquid Profits" advertorial attached hereto as Exhibit "C").

9

Civil Action No.
Magistrate Judge

32.    In addition, Defendants Bevinco Canada, Bevinco-American, Barry Driedger, Richard Heebner and XYZ, Inc. are guilty of contributory and induced patent infringement by virtue of the activities complained of herein because, upon information and belief, they supply partial systems to franchisees, instructing the franchisees to then purchase on their own the remaining components of an infringing system, and specifically instruct and promote the franchisees to assemble a beverage inventory auditing system which infringes the '739 Patent. The apparatus provided by these Defendants, which includes Bevinco's software which causes the computerized beverage inventory audit system to function in accordance with the '739 Patent, has no substantially noninfringing use outside of use in the infringing systems.

33.    This is an exceptional case within the meaning of 35 U.S.C. §285 since Defendants have had actual notice of the '739 Patent since June 14, 1993.

WHEREFORE, Plaintiff, ACCARDIS SYSTEMS, INC. respectfully requests that this Court: (A) enter preliminary and permanent injunctions against the Defendants, their officers, agents, servants, employees, and attorneys and all those in active concert or participation with them, enjoining all Defendants from making, using, selling or contributing to or inducing others to make, use and/or sell any computerized beverage inventory auditing system which infringes any claim of the '739 Patent; (B) require an accounting of all revenue and profit generated from sales of computerized beverage inventory auditing systems and franchises sold in which such systems were or are used in the United States; (C) award damages to Plaintiff in the form of a royalty based on all revenue derived from any and all of the acts of infringement alleged herein; (D) enter an award of

10

Civil Action No.
Magistrate Judge

damages adequate to compensate Plaintiff for the acts of infringement complained of herein, including revenue derived from the sale of franchises, royalty fees, interest/late fees, Advertising Fund fees, transfer fees, audit fees, normal replacement fees and renewal fees; (E) that this Court increase the amount of damages awarded by virtue of the Defendants' willful conduct; and (F) that this Court award the Plaintiff costs and its attorney's fees due to the exceptional nature of this matter.

DATED this ___*13*___ day of January, 2000.

Respectfully submitted,

KEVIN P. CROSBY
Florida Bar No.: 654360
MARC K. SWICKLE
Florida Bar No.: 0156450
BRINKLEY, MCNERNEY, MORGAN,
SOLOMON & TATUM, LLP.
Attorneys for the Plaintiff
P.O. Box 522
Ft. Lauderdale, FL. 33302
(954) 522-2200
(954) 522-9123 (Fax)

11

# ADDITIONAL

# ATTACHMENTS

# <u>NOT</u>

# SCANNED

## PLEASE REFER TO COURT FILE

JS-44
Rev. 12/96)

# CIVIL COVER SHEET

**00 - 06066**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-ZLOCH**

| I. (a) PLAINTIFFS | DEFENDANTS BEVINCO BAR SYSTEMS, LTD.; |
|---|---|
| | BARRY DRIEDGER, BEVINCO AMERICAN BAR SYSTEMS, LTD.; |
| ACCARDIS SYSTEMS, INC. | BEVINCO OF BROWARD COUNTY, INC.; RICHARD HEEBNER; |
| 00 JAN 13 | XYZ CORP.; STUART SHOCKLEY; WITT STANDARD COMPANY, |
| | INC.; SCOTT DARRAH and MICHELLE HARRIS. |

CLERK U.S.
S.D. OF FLA.-FTL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Toronto,Ontario,CANADA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER) KEVIN CROSBY
BRINKLEY, MCNERNEY, ET AL.,200 E. LAS OLAS BLVD.
STE 1800, FT. LAUDERDALE, FL. 33301; (954)522-2200

ATTORNEYS (IF KNOWN)

**MAGISTRATE JUDGE**
**SELTZER**

CIRCLE COUNTY WHERE ACTION AROSE:  DADE,   MONROE,   (BROWARD),   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF |
|---|---|
| | (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT) |

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)    Section 271 of the Patent Act of 1952, 35 USC

Section 1, et seq. PATENT INFRINGEMENT

LENGTH OF TRIAL
via  5 days estimated (for both sides to try entire case)

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|

**VIII. RELATED CASE(S)** (See instructions):
IF ANY      JUDGE                                    DOCKET NUMBER

DATE  1/13/00       SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 518291    AMOUNT $150.00    APPLYING IFP          JUDGE          MAG. JUDGE

01-13-00