UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| ACCARDIS SYSTEMS, INC., | ) |
| Plaintiff, | ) CASE NO. 00-06066-CIV-ZLOCH |
| | ) Magistrate Judge Seltzer |
| v. | ) |
| | ) |
| BEVINCO BAR SYSTEMS LIMITED; | ) |
| BARRY DRIEDGER; BEVINCO | ) |
| AMERICAN BAR SYSTEMS LTD.; | ) |
| BEVINCO OF BROWARD COUNTY, INC.; | ) |
| XYZ CORP.; RICHARD HEEBNER; | ) |
| STUART SHOCKLEY; WITT STANDARD | ) |
| COMPANY, INC.; MICHELLE HARRIS; | ) |
| and SCOTT DARRAH, | ) |
| | ) |
| Defendants. | ) |

NIGHT BOX
FILED

FEB 1 0 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

**DEFENDANTS BEVINCO BAR SYSTEMS LIMITED AND
BEVINCO AMERICAN BAR SYSTEMS LIMITED'S
ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Bevinco Bar Systems Limited (hereinafter "Bevinco Canada") and Bevinco American Bar Systems Limited (hereinafter "Bevinco American") answers Plaintiff's Complaint For Patent Infringement as follows:

1. Bevinco Canada and Bevinco American admit that this is an action alleging claims under the patent laws of the United States, 35 U.S.C. 1, *et seq.* and as such, this Court would have exclusive subject matter jurisdiction. Bevinco Canada and Bevinco American deny all remaining allegations contained in paragraph 1 of the Complaint.

CASE NO. 00-06066-CIV-ZLOCH

## PARTIES

2.  Bevinco Canada and Bevinco American admit that a copy of the '739 patent is attached to the Complaint as Exhibit "A," and that Impulse Computer Systems, Inc. of Billings, Montana is identified on the face of the patent as the assignee. Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the other averments in paragraph 2 and, therefore, deny the same.

3.  Bevinco Canada and Bevinco American admit that Bevinco Canada is a Canadian corporation having a principal business address of 250 Consumers Road, Suite 1103, Ontario, Canada, M2J 4V6. Bevinco Canada and Bevinco American deny all remaining allegations contained in paragraph 3 of the Complaint.

4.  It is admitted that Barry Driedger is a Canadian citizen and founder, president, director and shareholder of both Bevinco-Canada and Bevinco-American. Bevinco Canada and Bevinco American deny all remaining allegations contained in paragraph 4 of the Complaint.

5.  It is admitted that Bevinco-American is a corporation of the State of Delaware with a principal business address of 250 Consumers Road, Suite 1103, Toronto, Ontario, Canada M2J 4V6, and that BBC and Witt are franchisees of Bevinco-American. Bevinco Canada and Bevinco American deny all remaining allegations contained in paragraph 5 of the Complaint.

6.  It is admitted that XYZ is a corporation of the State of Georgia having an address of 4019 Land O'Lakes Drive, N.E., Atlanta, Georgia 30342, and that XYZ is a master franchisee for Bevinco-American. Bevinco Canada and Bevinco American deny all remaining allegations contained in paragraph 6 of the Complaint.

7. Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 and, therefore, deny the same.

8. Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 and, therefore, deny the same.

9. Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 and, therefore, deny the same.

10. Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 and, therefore, deny the same.

11. Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 and, therefore, deny the same.

12. Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 and, therefore, deny the same.

**PERSONAL JURISDICTION**

13. Bevinco Canada and Bevinco American deny the allegations contained in paragraph 13 of the Complaint.

14. Bevinco Canada and Bevinco American deny the allegations contained in paragraph 14 of the Complaint.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

3

15. Bevinco Canada and Bevinco American deny the allegations contained in paragraph 15 of the Complaint and all its subparts.

16. Bevinco Canada and Bevinco American admit that Bevinco Canada licenses a software package identified as the "Bevinco Software Package." Bevinco Canada and Bevinco American deny all remaining allegations contained in paragraph 16 of the Complaint..

17. Bevinco Canada and Bevinco American admit that Bevinco Canada has a website at http://www.bevinco.com on which a copy of "BOOZ NOOZ" is available. Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 17, and therefore deny the same.

18. Bevinco Canada and Bevinco American deny the allegations contained in paragraph 18 of the Complaint.

19. Bevinco Canada and Bevinco American deny the allegations contained in paragraph 19 of the Complaint.

20. Bevinco Canada and Bevinco American deny the allegations contained in paragraph 20 of the Complaint.

21. Bevinco Canada and Bevinco American deny the allegations contained in paragraph 21 of the Complaint.

22. Bevinco Canada and Bevinco American deny the allegations contained in paragraph 22 of the Complaint.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

4

CASE NO. 00-06066-CIV-ZLOCH

## BACKGROUND

23.   Bevinco Canada and Bevinco American admit that the '739 Patent is entitled "Inventory and Business Management System Which Accounts for the Contents of Full and Partially Filled Product Containers." Bevinco Canada and Bevinco American deny the remaining allegations contained in paragraph 23 of the Complaint.

24.   The '739 patent speaks for itself. Otherwise, Bevinco Canada and Bevinco American are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 and, therefore, deny the same. More specifically, the "system" referred to is unclear and unidentified.

25.   Bevinco Canada and Bevinco American admit that a letter dated July 1, 1998 was sent to Bevinco-Canada from counsel for Accardis claiming that Bevinco-Canada's making, using and delivering of its liquor inventory systems may infringe the '739 patent. Bevinco Canada and Bevinco American deny the remaining allegations contained in paragraph 25 of the Complaint.

26.   Bevinco Canada and Bevinco American deny the allegations contained in paragraph 26 of the Complaint.

27.   Bevinco Canada and Bevinco American admit that Bevinco American sells and has sold liquor auditing franchises in the United States under an exclusive license agreement with Bevinco Canada. Bevinco Canada and Bevinco American deny the remaining allegations contained in paragraph 27 of the Complaint.

28.   Bevinco Canada and Bevinco American admit that a copy of Bevinco American's Uniform Franchise Offering Circular, which estimates the initial investment for a Bevinco American franchise to range from $29,100 to $32,600, is attached to the Complaint as Exhibit

"B". Bevinco Canada and Bevinco American deny the remaining allegations contained in paragraph 28 of the Complaint.

29.  Bevinco Canada and Bevinco American deny the allegations contained in paragraph 29 of the Complaint.

30.  Bevinco Canada and Bevinco American deny the allegations contained in paragraph 30 of the Complaint.

31.  Bevinco Canada and Bevinco American admit that a copy of an article entitled "Liquid Profits" containing the sentence "[e]quipped with scales that are electronically linked to a laptop computer, BEVINCO beverage auditors identify, weigh, and calculate the exact amount of beverages used – then report the results back to their clients", is attached to the Complaint as Exhibit C. Bevinco Canada and Bevinco American deny the remaining allegations contained in paragraph 31 of the Complaint.

32.  Bevinco Canada and Bevinco American deny the allegations contained in paragraph 32 of the Complaint.

33.  Bevinco Canada and Bevinco American deny the allegations contained in paragraph 33 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief, all pertinent claims of U.S. Patent No. 4,563,739 are invalid and unenforceable for failure to comply with the requirements of one or more sections of Title 35 of the United States Code and of Title 37 of the Code of Federal Regulations.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

6

CASE NO. 00-06066-CIV-ZLOCH

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, U.S. Patent No. 4,563,739 is unenforceable and Plaintiff is estopped from asserting it against defendants as a result of representations as to claim scope and the prior art made in the patent and its prosecution history.

### FOURTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Bevinco Canada and Bevinco American and venue asserted by Accardis is improper under 35 U.S.C. §1391 and is objected to.

### FIFTH AFFIRMATIVE DEFENSE

Accardis is barred from recovering the damages and all other relief requested in its Complaint in accordance with the equitable doctrines of laches and estoppel.

**WHEREFORE,** Bevinco Canada and Bevinco American requests that this Court dismiss this action with prejudice, that it deny any of the relief requested in the Complaint, that it declare this to be an exceptional case within the meaning of 35 U.S.C. §285 and award to Bevinco Canada and Bevinco American the costs of this action including their reasonable attorney fees, and that it grant to Bevinco Canada and Bevinco American such other and further relief as it deems just in the circumstances.

CASE NO. 00-06066-CIV-ZLOCH

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendants Bevinco
Bar Systems Limited, Barry Driedger &
Bevinco American Bar Systems
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: _____
MARLENE K. SILVERMAN
Florida Bar No. 226947

Of counsel:

Floyd A. Mandell
Timothy J. Vezeau
Jane J. Choi
Katten Muchin Zavis
525 West Monroe Street
Suite 1600
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to Kevin P. Crosby, Esq., BRINKLEY, MCNERNEY, MORGAN, SOLOMON & TATUM, LLP, 200 E. Las Olas Blvd., Suite 1800, Ft. Lauderdale, FL 33301-2209 this 10th day of February, 2000.

_____
MARLENE K. SILVERMAN

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
MIAMI NEW YORK WASHINGTON, D.C. ATLANTA PHILADELPHIA TYSONS CORNER CHICAGO
SÃO PAULO FORT LAUDERDALE WEST PALM BEACH ORLANDO TALLAHASSEE BOCA RATON

8