UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| ACCARDIS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEVINCO BAR SYSTEMS LIMITED; BARRY DRIEDGER; BEVINCO AMERICAN BAR SYSTEMS LTD.; BEVINCO OF BROWARD COUNTY, INC.; XYZ CORP.; RICHARD HEEBNER; STUART SHOCKLEY; WITT STANDARD COMPANY, INC.; MICHELLE HARRIS; and SCOTT DARRAH, <br><br> Defendants. | CASE NO. 00-06066-CIV-ZLOCH <br> Magistrate Judge Seltzer <br><br> NIGHT BOX <br> FILED <br><br> FEB 1 0 2000 <br><br> CLARENCE MADDOX <br> CLERK, USDC / SDFL / FTL |

**DEFENDANT BARRY DRIEDGER'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the Southern District of Florida, defendant Barry Driedger (hereinafter "Mr. Driedger") hereby moves for entry of an Order dismissing Plaintiff's Complaint asserted against him for lack of personal jurisdiction. Accardis Systems, Inc. (hereinafter "Accardis") filed a Complaint alleging various causes of action arising under the patent laws of the United States. Mr. Driedger, an individual, is the president of both Bevinco Bar Systems Limited (hereinafter "Bevinco Bar") and Bevinco American Bar Systems Ltd. (hereinafter "Bevinco American"), two other named defendants. (See Paragraph 1 of Declaration of Barry Driedger, attached hereto as Exhibit A, hereinafter "Driedger Decl., ¶___"). The only basis for asserting this Court's

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

jurisdiction over Mr. Driedger individually are acts allegedly conducted by Mr. Driedger in his capacity as an officer of Bevinco Bar Systems and/or Bevinco American. Controlling authorities are clear that no basis for personal jurisdiction over Mr. Driedger, an individual, exists.

When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Fed.R.Civ.P. 4(e) directs the Court to look to the state long-arm statute in order to determine the existence of personal jurisdiction. *Cable/Home Communication Corp. v. Network Prod's Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Dismissal pursuant to Fed.R.Civ P. 12(b) is appropriate if Accardis fails to make a prima facie showing that personal jurisdiction over Mr. Driedger exists. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996)(plaintiff must establish prima facie case over non-resident defendant); *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 586 (M.D Fla. 1991)(plaintiff has the burden of pleading sufficient material facts to form a basis for such jurisdiction). Florida courts also require substantial proof before extending personal jurisdiction over non-resident defendants. *See Prentice*, 779 F. Supp. at 586 (M.D. Fla. 1991); *Murphy v. Republic Health Corp.*, 645 F. Supp. 124, 125 (S.D. Fla. 1986); *Moltz v. Seneca Balance, Inc.* 606 F. Supp. 612, 615 (S.D. Fla. 1985). When considering whether a plaintiff has established a prima facie case of personal jurisdiction over a nonresident defendant, the Court "must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits." *Cable/Home*, 902 F.2d, at 855.

Evaluating personal jurisdiction over a nonresident defendant is generally a two-step inquiry. First, there must be a jurisdictional basis under Florida's long-arm statute. If this requirement is met, the Court must then determine whether assertion of personal jurisdiction comports with the constitutional requirements of due process. *See JB Oxford Holdings, Inc. v.*

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

CASE NO. 00-06066-CIV-ZLOCH

*Net Trade, Inc.*, 76 F.Supp.2d 1363, 1365 (S.D. Fla. 1999); *Kim v. Keenan*, 71 F.Supp.2d 1228, 1232 (M.D.Fla. 1999).

Pursuant to Florida state law, Accardis must first demonstrate that Mr. Driedger has met at least one of the long-arm jurisdictional criteria set forth in Fla. Stat. 48.193. *See Morgan v. Morgan*, 679 So.2d 342, 344 (Fla. 2d DCA 1996); *Offer v. Arison*, 671 So.2d 193, 193-194 (Fla. 4th DCA 1996); *Walt Disney Co. v. Nelson*, 677 So.2d 400,, 402 (Fla. 5th DCA 1996).

The pertinent part of Florida's Long-arm statute provides:

> (1)   Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative, to the jurisdiction of the court of this state for any causes of action arising from the doing of any of the following acts:
> (a)   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> (b)   Committing a tortious action within this state.
> ...
> (f)   Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury either:
> (1)   The defendant was engaged in solicitation or service activities within the state; or
> (2)   Products, materials, or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
> (g)   Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. 48.193.

In this case, Accardis has asserted no allegations to demonstrate that Mr. Driedger has submitted himself to the jurisdiction of this Court. In his individual capacity, Mr. Driedger has never operated, conducted, engaged in or carried on a business venture in this state which has

any relation whatsoever to the allegations in the present Complaint. (Driedger Decl., ¶3). Similarly, Mr. Driedger has never committed a tortious act within the State of Florida, caused injury to persons or property within this state and/or breached a contract in this state which are in any way connected or related to the allegations set forth in the Complaint. (Driedger Decl., ¶5). Instead, Accardis' only basis for asserting this Court's jurisdiction over Mr. Driedger is by virtue of activities performed by Mr. Driedger in his capacity as a representative of Bevinco Canada and/or Bevinco American. (See paragraph 19 of the Complaint alleging that by virtue of his position as an officer of Bevinco Canada and Bevinco American, Mr. Driedger personally caused the commission of all of the acts of Bevinco-Canada and Bevinco-American complained of in the Complaint and further alleging that Mr. Driedger personally entered Florida for the purposes of meeting potential and existing franchisees, training franchisees, entering into contracts with franchisees, and attending trade shows *on behalf of* Bevinco-Canada and Bevinco American.)

The Eleventh Circuit, in a case with facts almost identical to this one, declined to find personal jurisdiction over Mary Bien and Phyliss Rich, sole officers, directors, and shareholders of Century Arts, Ltd, a Canadian corporation. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623 (11th Cir. 1996). The court held that the individuals Mary Bien and Phyliss Rich were not subject to the Florida long-arm statute for carrying on a business or business venture based on their strictly corporate acts. *Id.* at 628, *citing Excel Handbag Co. v. Edison Bros. Stores*, 428 So.2d 348, 350 (Fla.3d DCA 1983)("While a corporation itself may be subject to jurisdiction when it transacts business through its agents operating in the forum state, unless those agents transact business on their own account in the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be individually subject to the state's long-arm statute.") Other Florida courts have also consistently held that the

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

4

actions of a nonresident officer or director in their corporate capacity do not subject them to personal jurisdiction as individual defendants. *See Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993)(no personal jurisdiction over nonresident corporate officer where no allegations that his actions "have been taken outside his duties as [corporation's] president and chief executive officer"); *Bower v. C.J. Timm Inv.Co.*, 630 So.2d 678, 680 (Fla. 2d DCA 1994)(no personal jurisdiction over nonresident corporate officer and director where no allegation that officer transacted business "on [his] own account and not on behalf of the corporation...").

There is no allegation in the Complaint that Mr. Driedger transacted business on his own behalf in Florida, as opposed to engaging in business as a representative of the corporation, nor are there any allegations to demonstrate that Mr. Driedger, an individual, has submitted himself to the jurisdiction of this Court. Accordingly, Accardis has failed to establish a prima facie showing that would support personal jurisdiction over this non-resident individual under Florida's long-Arm State. Therefore, this Complaint should be dismissed, with prejudice.[1]

Even if the Court were to conclude that Mr. Driedger has committed some act which falls within the scope of Florida's Long-Arm Statute, the Court must still determine if Mr. Driedger has sufficient "minimum contacts" with Florida before the Court could exercise its jurisdiction over him. In *Int'l Shoe Co. v. Washington*, the United States Supreme Court held that, in order to subject a non-resident defendant to *in personam* jurisdiction, due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit

---

[1] If the Court concludes that Accardis failed to present any facts in the Complaint to suggest that Mr. Driedger subjected himself to Florida's jurisdiction under Florida's Long-Arm statute, the Court does not need to consider whether Mr. Driedger had the constitutionally required minimum contacts with the state. *See Parham v. Lamar*, 1 F.Supp.2d 1457, 1459 (M.D. Fla. 1998).

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

does not offend "traditional notions of fair play and substantial justice." 326 U.S. 310, 316 (1945).

The test is whether the defendant's conduct in connection with the forum state is "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There is no formula for determining minimum contacts - "the facts of each case must [always] be weighed" in determining whether personal jurisdiction would comport with "fair play and substantial justice." *Kulko v. Super. Court of Cal.*, 436 U.S. 84, 92 (1978). "A defendant has fair warning that it might be subject to a forum's jurisdiction if the defendant purposefully directs its activities at forum residents and the 'litigation results from alleged injuries that 'arise out of or relate to' those activities.'" *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 853 (11th Cir. 1988).

Mr. Driedger has not, in his individual capacity, purposefully directed any activities at the residents of the State of Florida, nor are any such activities alleged in the Complaint. Therefore, he could not have reasonably anticipated that he would be "haled" into Florida's courts. To conclude otherwise would offend the "traditional notions of fair play and substantial justice." Mr. Driedger, a citizen and resident of Canada, (Driedger Decl., ¶2), is therefore not subject to the jurisdiction of this Court. Accordingly, Defendant Mr. Driedger respectfully request that the Court dismiss the Complaint, with prejudice.

CASE NO. 00-06066-CIV-ZLOCH

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendants Bevinco
Bar Systems Limited, Barry Driedger &
Bevinco American Bar Systems
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ Marlene K. Silverman
MARLENE K. SILVERMAN
Florida Bar No. 226947

Of Counsel:

Floyd A. Mandell
Timothy J. Vezeau
Jane J. Choi
Katten Muchin Zavis
525 West Monroe Street
Suite 1600
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to Kevin P. Crosby, Esq., BRINKLEY, MCNERNEY, MORGAN, SOLOMON & TATUM, LLP, 200 E. Las Olas Blvd., Suite 1800, Ft. Lauderdale, FL 33301-2209 this 10th day of February, 2000.

/s/ Marlene K. Silverman
MARLENE K. SILVERMAN

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| ACCARDIS SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEVINCO BAR SYSTEMS LIMITED; )<br>BARRY DRIEDGER; BEVINCO )<br>AMERICAN BAR SYSTEMS LTD.; )<br>BEVINCO OF BROWARD COUNTY, INC.; )<br>XYZ CORP.; RICHARD HEEBNER; )<br>STUART SHOCKLEY; WITT STANDARD )<br>COMPANY, INC.; MICHELLE HARRIS; )<br>and SCOTT DARRAH, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>MAGISTRATE JUDGE<br><br>Case No. 00-06066<br>CIV-ZLOCH<br>Magistrate Judge Seltzer |

## DECLARATION OF BARRY DRIEDGER

Barry Driedger declares and states as follows:

1. I am the President and Director of Bevinco Bar Systems Limited (hereinafter "Bevinco Canada") and Bevinco American Bar Systems Limited (hereinafter "Bevinco American").

2. I currently reside in, work in, and am a citizen of Canada.

3. Other than as a representative of Bevinco Canada and/or Bevinco American, I have never operated, conducted, engaged in or carried on a business venture in Florida which has any relation whatsoever to the allegations in the Complaint.



DEFENDANT'S
EXHIBIT
A

4. Other than as a representative of Bevinco Canada or Bevinco American, I have not sold beverage inventory systems, nor sold, used, and caused to be sold and used such beverage inventory audit systems in Florida.

5. To my knowledge, I have never committed a tortious act within the State of Florida, nor caused injury to persons or property within the State of Florida nor breached a contract in this state which are in any way connected or related to the allegations set forth in the Complaint

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Executed this 10 day of February, 2000.

Harry Dridger