UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

ACCARDIS SYSTEMS, INC.,

    Plaintiff,

vs.

BEVINCO BAR SYSTEMS LIMITED;
BARRY DRIEDGER; BEVINCO
AMERICAN BAR SYSTEMS LTD.;
BEVINCO OF BROWARD COUNTY, INC.;
XYZ CORP.; RICHARD HEEBNER;
STUART SHOCKLEY; WITT STANDARD
COMPANY, INC.; MICHELLE HARRIS;
and SCOTT DARRAH,

    Defendants.
_____/

Case Number: 00-06066 Civ-Zloch
Magistrate Judge Barry S. Seltzer

## PLAINTIFF'S RESPONSIVE MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BARRY DRIEDGER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiff, ACCARDIS SYSTEMS, INC. ("Accardis"), by and through its undersigned counsel, pursuant to Rule 12(b)(2), *Federal Rules of Civil Procedure*, and Rule 7.1, *General Rules of the United States District Court for the Southern District of Florida*, hereby responds in opposition to the Motion filed by Defendant BARRY DRIEDGER ("Driedger") to Dismiss the Complaint for Lack of Personal Jurisdiction. Accardis respectfully submits that the Complaint clearly and adequately states a cause of action against Driedger individually.[1]

---

[1] Plaintiff's Complaint for Patent Infringement asserts a claim under §271 of the Patent Act of 1952, 35 U.S.C. §1, et seq., and seeks relief against all of the named Defendants for a) preliminary and permanent injunction, b) an accounting of all revenues and profits, c) award of damages in the form of a royalty based on revenue derived from infringement, d) an award of damages to compensate for acts of the infringement, e) an award of damages for willful conduct and f) costs and attorney's fees.

## **INTRODUCTION**

Driedger's Motion to Dismiss for Lack of Personal Jurisdiction is based upon the premise that the only grounds for asserting jurisdiction over Driedger are acts allegedly conducted by Driedger in his capacity as an officer of Bevinco Bar Systems, Ltd. and/or Bevinco American Bar Systems, Ltd. and sufficient "minimum contacts" with Florida do not exist. Defendant Driedger's Motion to Dismiss for Lack of Jurisdiction and Memorandum in Support Thereof [hereinafter referred to as "Defendant's Memorandum"] at 1-2. Plaintiff respectfully submits that Driedger's Motion misapprehends the allegations of the Complaint as well as §271 of the Patent Act of 1952 which contemplates individual liability. The Complaint specifically alleges that Driedger, individually, committed tortious acts in violation of the Patent Act of 1952 by, among other things, personally making, using, purchasing and/or selling the computerized beverage inventory audit system in violation of Plaintiff's United States Patent No. 4,563,739 ("'739 Patent"). *See* Complaint at ¶¶19, 29. It is additionally alleged that Driedger induced others to infringe this '739 Patent by supplying partial systems, instructing franchisees to purchase the remaining components of the infringing system, and promoting the assembly of the system which infringes the '739 Patent. Complaint ¶32. Plaintiff has specifically alleged Driedger's individual contacts with Florida, subjecting him to personal jurisdiction, including having met with potential and existing franchisees, having trained franchisees, having entered into contracts with franchisees, having attended trade shows for the purposes of promoting the infringing system, and having instructed and directed others to purchase equipment which infringes the '739 Patent. Complaint ¶19. These acts constitute the personal commission of the tort of infringement.

2

BRINKLEY, MCNERNEY, MORGAN, SOLOMON & TATUM, LLP
200 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FLORIDA 33301 (954) 522-2200

## **LEGAL ARGUMENT**

### **I. STANDARDS OF REVIEW APPLICABLE TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND THE MINIMUM CONTACT ANALYSIS**

To determine the appropriateness of exercising personal jurisdiction over a non-resident defendant, a federal court must undertake a two part analysis. *Cable/Home Communications Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Pacific Coral Shrimp v. Bryant Fisheries*, 844 F.Supp. 1546 (S.D. Fla. 1994). First, the Court must determine whether the state's long-arm statute permits assertion of jurisdiction; second, the Court must consider whether there are sufficient minimum contacts to satisfy the Due Process Clause of the Fourteenth Amendment of the United States Constitution so that the maintenance of a suit does not violate traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed 95 (1945). Only when both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a non-resident defendant. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

In the case of *Prentice v. Prentice Colour, Inc.*, 779 F.Supp. 578 (M.D. Fla 1991), the district court undertook the analysis of personal jurisdiction and summarized the law as follows:

> Once the court has determined that jurisdiction is proper under the state long arm statute, it must then consider whether assertion of jurisdiction comports with the constitutional due process requirement. *Williams Electric Co., Inc. v. Honeywell, Inc.*, 854 F.2d 389, 392 (11th Cir. 1988); *Groome*, 651 F.Supp. at 254; *Bloom*, 519 F.Supp. at 1171-72.

> In order to subject a defendant to judgment in personam, due process requires that only the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). A

defendant's conduct and connection with the forum state must be such that he would reasonably anticipate being hailed into court there. *World Wide Volkswagon v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). So long as it creates a substantial connection to the forum, even a single act can support jurisdiction. Id. at 475 footnote 18.

The determination of whether assertion of personal jurisdiction over a non-resident defendant comports with due process is also a two pronged inquiry. *Madara v. Hall*, 916 F.2d 1510, 1516-17 (11th Cir. 1990). First, the Court must look to see if the defendant has established "minimum contacts" with the State of Florida. Second, the Court must determine if the exercise of personal jurisdiction over the defendant would offend traditional notions of fair play and substantial justice. Id. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Minimum contacts within the forum may give rise to two types of personal jurisdiction: "specific jurisdiction" or "general jurisdiction". See *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed. 2d 404; *J.D. Nichols & N.T.S. Corporation v. Paulucci*, 652 So.2d 389(Fla. 5th DCA 1995); *American Overseas Marine Corporation v. Patterson*, 632 So.2d 1124(Fla. 1st DCA 1994).

"Specific" jurisdiction exits when a state exercises personal jurisdiction over a defendant in a suit arising or related to a defendant's contacts with the forum. *American Overseas Marine Corp. v. Patterson*, 632 So.2d at 1127. Specific jurisdiction "requires a causal connection between the defendant's activities in the forum and the plaintiff's cause of action." Id. There are three prerequisites to exercise specific jurisdiction:

1. Defendant must purposely avail himself of the privilege of acting in the forum state;

2. The cause of action must derive from the defendant's activities in the forum state;

3. The acts of the defendant or consequences caused by the defendant

> must have a substantial enough connection with the forum state to "make the exercise of jurisdiction over the defendant reasonable".

*Suffolk Federal Credit Union v. Continental Insurance Company*, 664 So.2d 1153(Fla. 3rd 1995) (*citing: McGee v. International Life Insurance Co.*, 355 U.S. 220 (1957), and *Hanson v. Denckla*, 367 U.S. 235(1958)).

For general jurisdiction to exist, the defendant must be found to have maintained continuous and systematic general business contacts with the forum so that he or she can properly be considered to be present in the forum regardless of whether those contacts are related to the cause of action. *American Overseas Marine Corp. v. Patterson*, 632 So.2d at 1127. The minimum contacts required to assert general jurisdiction must be "extensive" and "pervasive". Id.

The threshold issue to be determined is whether Florida's long-arm statute as set forth in Section §48.193 permits the assertion of jurisdiction in this action.

For purposes of this analysis, the pertinent provisions of Florida Statute Section § 48.193, Florida's long-arm statute state provide:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state....

Florida Statute Section §48.193(1) addresses specific jurisdiction, permitting jurisdiction over defendants who engage in certain enumerated acts which give rise to the particular litigation. *L.O.T.I. Group Productions v. Lund*, 907 F.2d 1528, 1531 (S.D. Fla. 1995).

## II. APPLICABLE PATENT LAW

The Complaint alleges that the action is brought against all Defendants under §271 of the Patent Act of 1952, 35 U.S.C. §1, et seq (hereinafter referred to as "§271"). Complaint ¶1. §271 explicitly defines infringement and the circumstances under which a claimant may be entitled to damages. Acts of infringement are separated into three interrelated categories: direct infringement (§271(a)); inducement of infringement (§271(b)); and contributory infringement (§271(c)).

The pertinent provisions of §271 state:

>    (a)   ...whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
>    (b)   Whoever actively induces infringement of a patent shall be liable as an infringer.
>
>    (c)   Whoever offers to sell or sells within the United Sates or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer....

35 U.S.C. §271.

§271(a) prohibits direct infringement consisting of making, using, or selling the invention defined by the patent within the United States during the term of the patent without the consent of the owner of the patent. §271(b) prohibits inducement of infringement and reflects the principle that "one who aids and abets an infringement is likewise an infringer." *Fromberg, Inc. v. Thornhill*, 315 F.2d 407, 411 (5th Cir. 1963) (a broad range of activities has been held to include "actions by which one in fact causes, or urges, or encourages, or aides another to infringe a patent"). Active inducement of infringement can arise from activities such as licensing; repair/manufacture; design;

6

BRINKLEY, MCNERNEY, MORGAN, SOLOMON & TATUM, LLP
200 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FLORIDA 33301 (954) 522-2200

or use or purchase for resale of an infringing product; providing instruction or direction as to the infringing use. D. Chisum, *PATENTS, A TREATISE ON THE LAW OF PATENTABILITY, VALIDITY AND INFRINGEMENT*, §17.04[4]). §271(c) prohibits the contributory infringer who "sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process...." 35 U.S.C. §271(c).

The Complaint charges that each of the Defendants, in their varying capacities, including Driedger, individually, engaged in tortious conduct in violation of §271(a), (b) or (c). In addition to the corporate Defendants, and Richard Heebner, it is alleged that Driedger was making, using, purchasing and/or selling the patented computerized beverage inventory auditing system in this district, thus directly infringing the '739 Patent in violation of §271(a). Complaint ¶29. It is further alleged that Driedger is liable for inducing infringement and contributory infringement by supplying partial systems to franchisees and instructing franchisees to purchase the remaining components of the infringing system and promoting the assembly of the infringing system in violation of §271(b) and §271(c). Complaint ¶32.

It is well settled that patent infringement is a tort. *Carbice Corp. AM. V. American Patents Dev. Corp.*, 283 U.S. 27, 33, 51 S.Ct. 334, 336 (1931); *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986). Therefore, since it is alleged that Driedger, individually, infringed the '739 Patent in Florida, the allegation is in tort and Florida Long-Arm Statute §48.193(1)(b) applies.

### III. LIABILITY OF OFFICERS/DIRECTORS FOR THE TORT OF INFRINGEMENT
#### A. §271(a) DIRECT INFRINGEMENT

§271(a) states that whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefore infringes the patent. 35 U.S.C.

§271(a). This language has been interpreted to allow a finding of infringement against any entity, be it individual, corporation or otherwise. *Symbol Technologies, Inc. v. Metrologic Instruments, Inc.*, 771 F.Supp 1390, 1402 (D. N.J. 1991). Infringement is a tort, and officers of the corporation are personally liable for tortious conduct of a corporation if they personally took part in the commission of the tort or specifically directed other officers, agents or employees of the corporation to commit the tortious act. *Orthokinetics*, 806 F.2d at 1579.

There is some dispute among courts as to whether a direct infringement under §271(a) would require invocation of general principles relating to the piercing of the corporate veil. In the case of *Orthokinetics v. Safety Travel Chairs, supra*, the Court of Appeals for the Federal Circuit specifically acknowledged that corporate officers may be personally liable under §271(a) although principles relating to the piercing of the corporate veil must be applied. *Orthokinetics* 806 F.2d at 1578. This decision was later followed in the case of *Manville Sales Corp. v. Paramount Systems, Inc.*, 915 F.2d 544 (Fed.Cir. 1990) and *Hoover Group, Inc. v. Custom Metal Craft, Inc.*, 84 F.3d 1408 (Fed.Cir. 1996).

Notwithstanding the Federal Circuit opinions, some authorities support a stricter rule derived from traditional principles of tort law finding officers and directors who specifically authorized infringing activity are liable individually for damages. *See* Chisum, *supra* §16.06[2][c] footnote 37 (citing to numerous decisions finding personal liability of corporate officers and directors).

In *Symbol Technologies, Inc. v. Metrologic Instruments, Inc.*, 771 F.Supp 1390, 1402-1403 (D.N.J. 1991), the court specifically disagreed with the application of the piercing of the corporate veil analysis in applying §271(a) and stated:

> ...Even with respect to officers of corporations, it is hornbrook law that there is no need to pierce the corporate veil in order to find personal liability. "The cases are legion in which courts have recognized and imposed personal liability on

corporate officers for participating in, inducing, and approving acts of patent infringement. *Orthokinetics*, 806 F.2d at 1579. (Footnote omitted)

> It is thoroughly well settled that a person is personally liable for all torts committed by him, consisting in misfeasance...not withstanding he may have acted as the agent or under directions of another. And this is true to the full extent as to torts committed by the officers or agents of a corporation in the management of its affairs. The fact that the circumstances are such as to render the corporation liable is altogether immaterial. The person injured may hold either liable, and generally the injured person may hold both as joint tort-feasors. Corporate officers are liable for their torts, although committed when acting officially. In other words, corporate officers, charged in law with affirmative official responsibility in the management and control of the corporate business, cannot avoid personal responsibility in the management and control of the corporate business, cannot avoid personal liability for wrongs committed by claiming that they did not authorize and direct that which was done in the regular course of that business, with their knowledge and with their consent or approval, or such acquiescence on their part as warrants inferring such consent or approval. This rule does not depend on the same grounds as 'piercing the corporate veil,' that is inadequate capitalization, use of the corporate form for fraudulent purposes, or failure to comply with the formalities of corporate organization.
>
> 3A W. Fletcher, Cyclopedia of the Law of Private Corporations § 1135 at 267 (1986 & Supp.1990) (cases cited) ("W. Fletcher").

*Symbol Technologies* at 1402, 1403.

Plaintiff here has alleged not only that Driedger acted on behalf of Bevinco-Canada and Bevinco-American, but that he is personally committed the statutory tort of infringement under §271(a), (b) or (c). To the extent that Driedger personally committed a tort of infringement, he cannot hide behind the corporate shield where it is found that he actively aided and abetted the corporation's infringement. *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993) (court specifically noted that "a corporate officer committing fraud or other intentional misconduct can be subject to personal jurisdiction"); *Byron v. Marine Carriers (USA), Inc.*, 668 So.2d 273 (Fla. 1st DCA 1996) (corporate shield doctrine has no application where a corporate officer commits intentional tort); *Allerton v. State*, 635 So.2d 36 (Fla. 1st DCA 1994) (corporate shield doctrine inapplicable where

9

BRINKLEY, MCNERNEY, MORGAN, SOLOMON & TATUM, LLP
200 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FLORIDA 33301 (954) 522-2200

intentional tort is alleged). *See also Powerlift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 481 (Fed.Cir. 1985).

### B. §271(b) INDUCEMENT OF INFRINGEMENT

In addition to direct infringement under §271(a), inducement of infringement, codified at §271(b), is particularly applicable to individual conduct and is necessarily broader in scope. In the case of *Powerlift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478 (Fed. Cir. 1985), the United States Court of Appeals for the Federal Circuit described the history behind §271(b) as follows:

> [3] The purpose of section 271 was to "codify in statutory form principles of contributory infringement and at the same time eliminate...doubt and confusion. Paragraph (b) recites in broad terms that one who aids and abets an infringement is likewise an infringer." S.Rep. No. 1979, 82nd Cong., 2d Sess., at 9 (1952). In a similar vein, Mr. Federico commented that "Paragraph (b) is a broad statement and enactment of the principle that one who actively induces infringement of a patent is likewise liable for infringement"....These comments suggest a "broad" reading of §271(b) which, in our view, may include liability of corporate officials who actively aid and abet their corporation's infringements....(officer was "moving force which resulted in the manufacturer of the accused device");... (corporate officer "aided, participated in, approved, ratified and induced" infringement by corporation).

With regard to personal liability under §271(b), there is no dispute that the broader reach of §271(b) includes liability of corporate officers who actively aid and abet their corporation's infringement and that personal liability under §271(b) for inducing infringement may be found when corporate officers actively engage in assisting their corporation's infringement regardless of whether circumstances justify the court piercing the corporate veil. *Manville Sales Corp v. Paramount Systems, Inc. supra*, 915 F.2d at 553; *Symbol Technologies v. Metrologic Instruments, supra*, 771 F.Supp at 1404.

BRINKLEY, MCNERNEY, MORGAN, SOLOMON & TATUM, LLP
200 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FLORIDA 33301 (954) 522-2200

# IV. APPLICATION OF THE ALLEGATIONS OF THE COMPLAINT TO EXISTING LAW

## A. PERSONAL JURISDICTION UNDER §48.193(b)

The allegations of the Complaint are clear that Driedger is making, using, purchasing and/or selling computerized beverage inventory systems, thus infringing the '739 Patent in violation of §271(a). Complaint at ¶29. The Complaint also alleges that Driedger induced patent infringement and is liable for contributory infringement in violation of §271(b) and (c). Complaint at ¶32. Driedger's contention that the only acts implicated were those conducted in his capacity as officer of Bivenco Bar Systems Limited and/or Bivenco American Bar Systems Ltd. is incorrect and contradicted by specific allegations of the Complaint. *See* Complaint at ¶19, 29, 32.

Defendant Driedger relies upon *Sculptchair v. Century Arts, Ltd.*, 94 F.3d 623 (11th Cir. 1996) for the proposition that unless agents for the corporation are transacting business on their own account within the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be individually subject to the state's Long-Arm Statute. Defendant's Memorandum at 4.

*Sculptchair* is distinguishable from the case at bar. The plaintiff in *Sculptchair* attempted to hold officers of the defendant corporation individually liable under the Patent Act of 1952 and asserted personal jurisdiction pursuant to Florida's Long-Arm Statute under a combination of three subsections: 1) §48.193(1)(a) [carrying on a business or business venture in Florida]; 2) §48.193(f) [causing injury to persons or property within Florida]; and 3) §48.193(g) [breaching a contract in Florida]. *Sculptchair* at 627. The plaintiff in *Sculptchair* did not contend that the defendants were subject to jurisdiction for committing a tort in infringing their patent. Here, it is specifically alleged that Driedger committed an intentional tort in violation of §271(a) and/or (b) and/or (c). As such,

11

BRINKLEY, McNERNEY, MORGAN, SOLOMON & TATUM, LLP
200 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FLORIDA 33301 (954) 522-2200

he is subject to personal jurisdiction: *Doe v. Thompson,* 620 So.2d 1004, 1006 (Fla. 1993); *Byron v. Marine Carriers (USA), Inc.*, 668 So.2d 273 (Fla. 1st DCA 1996); *Allerton v. State,* 635 So.2d 36 (Fla. 1st DCA 1994). *See also Powerlift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 481 (Fed.Cir. 1985).

### B. MINIMUM CONTACTS

Since the Complaint specifically pleads contacts by Defendant Driedger within the reach of Florida's Long-Arm Statute, the Court must then determine whether Driedger had sufficient "minimum contacts" with the State of Florida such that traditional notions of fair play and substantial justice would not be offended. *Sculptchair* at 630-631. Minimum contacts involve three criteria. First, the contacts must be related to the Plaintiff's cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking benefits and protections of its laws. Third, Defendant's contacts within the forum must be such that he should reasonably anticipate being hailed into court there. The Complaint sets forth Driedger's contacts with the State of Florida. Complaint at §19. (*See also* Declaration of Ken Marc, attached hereto as Exhibit "A".)

With regard to the first requirement, Driedger's contacts with the State of Florida, i.e. attending trade shows, meeting with potential and existing franchisees, training franchisees, and providing directions and inducement of infringement are all specifically related to the Plaintiff's cause of action for patent infringement. Driedger cannot reasonably contest that the alleged activities are unrelated to the claim for patent infringement. The personal wrongdoing is not supported by legitimate corporate activity. *See Allerton v. State, supra* at 39; *Hoover Group, Inc. supra* at 1411. Secondly, although Driedger was also an agent of the corporate Defendants, Driedger personally participated in the infringement in Florida, thereby subjecting himself to Florida's jurisdiction. By committing a wrongful act with the anticipation that he may profit directly or

12

BRINKLEY, McNERNEY, MORGAN, SOLOMON & TATUM, LLP
200 EAST LAS OLAS BOULEVARD. FORT LAUDERDALE. FLORIDA 33301 (954) 522-2200

indirectly, Driedger availed himself of the benefits of soliciting in Florida. Lastly, Bevinco-Canada and Bevinco-American clearly anticipated being sued in Florida to the extent that an agent for service of process in Florida is stated in the Franchise Offering Circular. *See* Exhibit 2 to the Complaint. By engaging in tortious conduct in the State of Florida in conjunction with his corporate principle, Driedger's individual acts cannot be separated from those as an act of an agent for the purpose of anticipating litigation in the State of Florida.

### C. FAIR PLAY AND SUBSTANTIAL JUSTICE

With regard to considerations of fair play and substantial justice, relevant factors include "the burden on the Defendant, the interests of the forum and Plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1032 (1987). The burdens here are relatively uncompelling. Driedger has regularly traveled to the state and additionally will have a substantial involvement in the litigation as President of the corporate Defendants, Bevinco-Canada and Bevinco-American.

### CONCLUSION

Plaintiff has alleged Defendant Driedger personally committed intentional tort of patent infringement in the State of Florida and, as such, is subject to jurisdiction under §48.193(1)(b). It is further submitted that the Plaintiff has established that there is sufficient minimum contacts with the State of Florida by which Driedger could anticipate being hailed into court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail this 28th day of FEB, 2000, to: Marlene K. Silverman, Esquire, Greenberg Traurig, P.A., 1221 Brickell Avenue, Miami, Florida 33131.

                                              BRINKLEY, McNERNEY, MORGAN,
                                              SOLOMON & TATUM, LLP
                                              Attorneys for Plaintiff
                                              Post Office Box 522
                                              Fort Lauderdale, FL 33302-0522
                                              Telephone 954-522-2200

                                      By: _____
                                              KENNETH J. JOYCE
                                              Florida Bar No.: 986488
                                              KEVIN P. CROSBY
                                              Florida Bar No.: 654360

14

BRINKLEY, McNERNEY, MORGAN, SOLOMON & TATUM, LLP
200 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FLORIDA 33301 (954) 522-2200

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

ACCARDIS SYSTEMS, INC.,

    Plaintiff,

vs.

BEVINCO BAR SYSTEMS LIMITED;
BARRY DRIEDGER; BEVINCO
AMERICAN BAR SYSTEMS LTD.;
BEVINCO OF BROWARD COUNTY, INC.;
XYZ CORP.; RICHARD HEEBNER;
STUART SHOCKLEY; WITT STANDARD
COMPANY, INC.; MICHELLE HARRIS;
and SCOTT DARRAH,

    Defendants.
_____/

Case Number: 00-06066 Civ-Zloch
Magistrate Judge Barry S. Seltzer

### DECLARATION OF KEN MARC

Ken Marc declares and states as follows:

1. I am the secretary-treasurer of Accardis Systems, Inc. (hereinafter referred to as "Accardis"). I currently reside and work in the State of Florida.

2. Accardis is the owner and successor in interest of all right, title and interest in and to United States Patent Number 4,563,739 ("'739 Patent") duly and legally issued on January 7, 1986 to Impulse Computer Systems, Inc. of Billings, Montana. By virtue of a written assignment dated June 24, 1989, the '739 Patent and the right to sue for all past and future infringements, was assigned to Accardis.

3. I am familiar with the Defendant, Bivenco Bar Systems, Limited ("Bivenco-Canada") and Bevinco American Bar Systems, Ltd. ("Bevinco-American") and the allegations in the Complaint for patent infringement filed in the above-styled proceedings.

4. Upon information and belief, Defendant, Barry Driedger personally is infringing the '739 Patent. I base this belief upon the following information:

    (a) In August of 1996 and 1998, I personally witnessed Mr. Driedger at a trade show in Florida personally soliciting potential customers to purchase a system infringing upon the



"A"

'739 Patent.

(b) In November of 1999 at the Hut Lounge in Fort Lauderdale, Florida, I met with Stuart Shockley, a Defendant in the above-referenced proceeding. Shockley explained that he was a franchisee of Bevinco American Bar Systems, Ltd., explained how the franchise operated and described in detail the operation of the infringing system including the use of a scanner and scales and how the calculations worked. Mr. Shockley advised that he received from and discussed the system with Driedger.

(c) I have personal knowledge that Driedger has solicited franchisees in Florida.

5. Upon information and belief, Driedger, as president and director of Bivenco-Canada and Bevinco-American stands to substantially gain by promoting sales of the infringing system.

FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

IN WITNESS WHEREOF, I have hereto set my hand and seal at ___Broward___ County, Florida, this _28th_ day of _February_, 2000.

_____
Ken Marc

G:\WPFILES\CLIENTS\Accordia\Pleadings\Aff of Accordia Rep
2/28/00

2